UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re Application Of

MAN GROUP LIMITED, MAN
STRATEGIC HOLDINGS LIMITED,
MAN INVESTMENTS LIMITED, AND
MAN INVESTMENTS AG,

Petitioners, For An Order Pursuant To
28 U.S.C. § 1782 To Obtain Discovery For
Use In A Foreign Proceeding

No. 24-mc-555 (RA)

<u>ORDER</u>

RONNIE ABRAMS, United States District Judge:

Pending before this Court is the request of Petitioners Man Group Limited, Man Strategic Holdings Limited, Man Investments Limited, and Man Investments AG for leave to file an Application For An Order Pursuant To 28 U.S.C. § 1782 To Obtain Discovery For Use In A Foreign Proceeding, with certain documents under seal or redacted. In particular, Petitioners seek leave to file redacted versions of the supporting memorandum of law, declaration, and eight exhibits to the declaration, as well as leave to file under seal one exhibit to the declaration in its entirety.

Petitioners' application is provisionally granted. Pending resolution of the request to seal, Petitioners may publicly file redacted versions of the ten aforementioned documents, and they may file redacted versions of those documents as well as the single exhibit referenced under seal.

At present, however, Petitioners' application to seal fails to adequately justify the sealing and redactions sought. "The common law right of public access to judicial documents is firmly rooted in our nation's history," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), and grounded in the need for federal courts "to have a measure of accountability and for the public to have confidence in the administration of justice," *id.* (quoting *United States v.*

*Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Although it is true that "[t]he demonstration of a valid need to protect the confidentiality of . . . sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents," *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021), "conclusory statements that documents contain confidential business information are insufficient to justify" redaction, *SET Cap. LLC v. Credit Suisse Grp. AG*, No. 18 Civ. 2268 (AT), 2023 WL 1961280, at *1 (S.D.N.Y. Feb. 13, 2023) (internal citation and quotation marks omitted). *See also Dawson v. Merck & Co*., No. 12-CV-1876 (BMC) (PK), 2021 WL 242148, at *7 (E.D.N.Y. Jan. 24, 2021) ("The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.").

Given that Petitioners bear the burden of justifying sealing, no later than December 9, 2024, they shall file a letter articulating the basis to seal each of the aforementioned documents, supported by relevant case law, so that the Court may "conduct an individualized review," *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019), and make "specific, on-the-record findings" as to whether, and the extent to which, sealing is appropriate, *Lugosch*, 435 F.3d at 126.

SO ORDERED.

Dated:     December 4, 2024
           New York, New York

Hon. Ronnie Abrams
United States District Judge